[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10245
Non-Argument Calendar
_____

Agency No. A096-588-337


PA-SAIHOU BUBA GAYE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 8, 2012)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Pa-Saihou Buba Gaye seeks review of the Board of Immigration

Appeals' (BIA's) final order denying his motions to reconsider and reopen his applications for withholding of removal under the Immigration and Nationality Act (INA), adjustment of status, and relief under the United Nations Convention Against Torture (CAT).  After careful review, we deny the petition.

## I.

Gaye, a native and citizen of The Gambia, was served with a Notice to Appear in 2007 charging him with removability under 8 U.S.C. § 1227(a)(1)(C)(i), as an alien who failed to maintain his nonimmigrant status, and 8 U.S.C. § 1227(a)(3)(D), as an alien who falsely represented himself as a U.S. citizen. Gaye conceded removability but filed applications for withholding of removal under the INA and relief under the CAT.  He also sought to renew his adjustment-of-status application, which Citizen and Immigration Services (CIS) had previously denied.  At a 2010 hearing where Gaye was the only witness, the Immigration Judge (IJ) denied Gaye's applications for withholding and CAT relief and found him ineligible for adjustment of status.

Gaye appealed the IJ's decision to the BIA and, in support of his appeal, included new affidavits from family members supporting his claims.  The BIA dismissed his appeal, noting that it could not consider new evidence on appeal.

Instead of filing a petition for review in this court, Gaye filed a motion to

2

reconsider and a motion to remand, which the BIA construed as a motion to reopen. But he did not resubmit the new affidavits in support of his motion to reopen. The BIA denied both motions. This is Gaye's petition for review of the denial of both motions.[1]

## II.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). An issue not raised in the initial brief on appeal is deemed waived, even if it was raised in the notice of appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "Passing references to issues are insufficient to raise a claim for appeal." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010).

In his initial brief to this court, Gaye argues the underlying merits of his withholding and adjustment-of-status claims and makes only passing references to the denial of his motion to reconsider. Because Gaye does not offer any argument as to why the BIA abused its discretion in denying his motion to reconsider, he has abandoned the issue.

## III.

---

[1] The majority of Gaye's arguments concern the underlying merits of his withholding and adjustment-of-status claims. Because he only appeals the BIA's December 16, 2011 order denying the motions to reconsider and reopen, we do not address the underlying claims.

We also review the BIA's denial of a motion to reopen for an abuse of discretion. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id*. (internal quotation marks omitted). A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted" and "must be accompanied by . . . all supporting documentation." 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id*.

The BIA did not abuse its discretion in denying Gaye's motion to reopen. Gaye did not explain to the BIA why the affidavits were previously unavailable to him at the 2010 hearing, and the record, including Gaye's testimony at the hearing, supports the conclusion that they were available. Gaye now points to his aunt's affidavit, in which she stated that she did not testify at the 2010 hearing because she "was not aware that [Gaye's] story would not be believed by the [IJ]." The BIA did not abuse its discretion by implicitly finding that this explanation did not constitute unavailability. Further, although Gaye included the new affidavits with

4

his original appeal to the BIA, he did not include them with his motion to reopen as required by § 1003.2(c)(1).

For the foregoing reasons, we deny Gaye's petition.

**PETITION DENIED.**